FILED

01/22/2026

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 16, 2026 Session

**THOMAS N. ALLEN v. TAMMY LYNCH ET AL.**

**Appeal from the Chancery Court for Hamblen County**
**No. 23CV-416       Douglas T. Jenkins, Chancellor**

_____

**No. E2025-00648-COA-R3-CV**

_____

The April 2025 order from which the appellant has appealed was not effectively entered, pursuant to Tennessee Rule of Civil Procedure 58. Therefore, there is no final appealable judgment, and this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, P.J., E.S.; ANDY D. BENNETT, J.; AND KRISTI M. DAVIS, J.

Thomas N. Allen, Tiptonville, Tennessee, Pro Se Appellant.

T. Dillon Parker, Morristown, Tennessee, for the appellees, Tammy Lynch, Greg Lynch, and Patti Wells.

**MEMORANDUM OPINION[1]**

The *pro se* appellant, Thomas N. Allen ("Appellant"), filed a notice of appeal with this Court in May 2025, which states that Appellant is appealing the April 24, 2025 order of the Hamblen County Chancery Court ("the Trial Court"). Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal, pursuant to Tennessee Rule of Appellate

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Procedure 13(b). Based on that review, this Court entered an order directing the Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that the April 2025 order did not comply with Tennessee Rule of Civil Procedure 58, and therefore, there was no effective final judgment from which an appeal as of right would lie.

Specifically, the April 24, 2025 judgment does not comply with Rule 58 in that while it contains the signature of the chancellor, it fails to contain either the signatures of all parties or counsel, the signature of at least one party or counsel with a certificate showing it had been served upon all other parties, or a certificate of service by the court clerk showing that the order was served upon all parties or counsel. Failure to comply with Tennessee Rule of Civil Procedure 58 "impedes the finality and appealability of the judgment." *In re Omari T.*, No. M2018-02227-COA-R3-JV, 2019 WL 5078882, at \*4 (Tenn. Ct. App. Oct. 10, 2019).

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In Re: Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). The failure of the parties and the court to adhere to the requirements of Tennessee Rule of Civil Procedure 58 prevents a court's judgment from becoming effective. *Blackburn v. Blackburn*, 270 S.W.3d 42, 49 (Tenn. 2008). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

In response to this Court's show cause order, the appellant filed documents from the trial court. It appears that the appellant filed a "Motion for Entry of Corrected Final Judgment" with the Trial Court. However, the Trial Court did not approve entry of the proposed order because it did not contain a certificate of service. The proposed order also contained no signatures from the parties. As such, the proposed order also did not comply with Rule 58.

Therefore, the April 2025 order does not constitute a final judgment that can be appealed because it was not effectively entered in compliance with Tennessee Rule of Civil Procedure 58. *See State ex rel. Taylor v. Taylor*, No. W2004-02589-COA-R3-JV, 2006 WL 618291, \*3 (dismissing appeal for lack of a final judgment where order appealed from did not comply with Rule 58). Because it is clear that the order on review is not an effective final judgment, we hereby dismiss this appeal. Costs on appeal are taxed to the appellant, Thomas N. Allen, for which execution may issue if necessary.

**PER CURIAM**